## Chicago & Joliet Electric Railway Company v. Joseph Wanic.

### Gen. No. 4,764.

1. MOTORMAN—*when instruction does not sufficiently define duties of.* An instruction is improper which tells the jury that if the "motorman sounded the whistle sufficiently loud and near that it could be heard by one in the exercise of ordinary care and caution *looking and listening,* * * * then the motorman performed his whole duty under plaintiff's allegation of negligence in that regard, and *under the law.*"

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

E. MEERS, for appellant.

S. P. DOUTHART, for appellee; F. D. JORDAN, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This appeal is prosecuted to reverse a judgment recovered by appellee against appellant for $1,500 for personal injuries alleged to have been sustained by

him as the result of its negligence. The first count of the declaration alleges general negligence in the running and management of appellant's electric cars; the second count alleges that the car was run at a high and dangerous rate of speed without warning to plaintiff on the public highway; the third that the car was run at a high rate of speed without ringing a bell or blowing a whistle.

The appellant insists the verdict is not warranted by the evidence, because the proof does not show appellee was in the exercise of ordinary care. The proof shows that appellant has an electric car line from Joliet to Chicago, which between Lemont and Romeo in Will county runs on the east side of the public highway, the track being four or five feet from the property line, and its cars are nine feet wide and project over about half the space between the track and the fence. Near quarry No. 6 in Will county, it runs through a small Polish hamlet of twenty-seven families. Appellee lived on the east side of this highway in a house twenty-five feet from appellant's track. On the line of the highway between the appellant's track and the lot, there is a stone wall about four feet high. A picket fence stands on the north side of the house and runs to the stone fence. On the south side of the picket fence and between Wanic's house and the highway, a summer kitchen from six to eight feet high stood close to the stone wall, and a smoke house and a coal shed stood about five feet from the house—some willow trees also stood between the house and the highway. The path from the house to the highway was on the north side of the picket fence—through a gate opening on the north side of where the picket fence joined the stone wall. There was a ditch three feet wide between the stone wall and the track, the crossing over this ditch being made by two planks a foot wide. Other houses stood in the immediate neighborhood at different distances from the highway. The car that struck appellee came

from the south. Appellee's proof tended to show that the car was in sight of a person going from the house to the highway but a short distance, if it could be seen at all, that no signal was given of the approach of the car, and that it was running at a very high rate of speed, possibly thirty-five miles an hour, and that it ran 150 to 350 feet after striking appellee. The accident occurred on a clear Sunday morning about nine o'clock. The appellee did not see the car that struck him, his attention being occupied in getting over the ditch on the narrow bridge, and he was so badly injured that he did not regain consciousness until the next day. His leg was broken and he was in a hospital five months and unable to work for about a year. Appellant's evidence was that signals of the approach of the car were given, and that the car was not going at its maximum speed. The evidence was very conflicting. There was evidence tending to prove that the car was running at a reckless rate of speed, when it is considered that it was not on a private right-of-way but on the public highway and in a thickly populated vicinity where the view of the approaching car was obstructed until appellee was about to step on the track. Appellant argues that more weight should be given to the testimony of its witnesses than to those of appellee. That was a question for the jury and unless the court can say the verdict is against the weight of the evidence, we would not be warranted in disturbing the verdict of the jury where the evidence is so conflicting.

Appellant also assigns for error the refusal of three instructions asked by it. The first half of the second of these instructions was argument only, and the latter part of the instruction called the jury's attention particularly to portions of appellee's evidence. It states that if the "motorman sounded the whistle sufficiently loud and near that it could be heard by one in the exercise of ordinary care and caution *looking and listening*," "then the motorman performed his

whole duty under plaintiff's allegation of negligence in that regard, and *under the law."* We think a motorman had some other duties under the law. It was properly refused. Without discussing whether the first and third refused instructions are the law, they were duplicates of appellee's tenth and eleventh instructions and there was no error in refusing them.

In the closing argument, counsel for appellee stated to the jury, that appellant did not keep appellee in the hospital for charity, that the corporation was run to make money and not for charity. Dr. Abell who treated plaintiff and was defendant's witness had stated in explanation of the length of time plaintiff had been in the hospital, that appellee had been kept in the hospital longer than usual "as a matter of charity." The court sustained the objection to this line of argument while there was evidence that might justify it. The amount of the verdict for the serious injury sustained indicates that the jury was not prejudiced by anything said in the argument. Finding no error in the case the judgment is affirmed.

*Affirmed.*